ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

EVERGLADES C.L.

DEC 29 2017

STAFF INITIALS

CIVIL ACTION NO:_____

RODGER LOVETTE,
    Plaintiff,

v.

DORA JURADO,
GLENN MORRIS,
PETER HERON,
KAVELL SCOTT,
D, MILLS AND
JULIA JONES,
        Defendant(s).

_____/

FILED by ___ D.C.

JAN 05 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

cat/div 550/1983/MIA
Case # _____
Judge _____ Mag WHITE
Motn Ifp YES Fee pd $ O
Receipt # _____

## JURISDICTION AND VENUE

1.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under Color of State Law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 29 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284, also Federal Rules of Civil Procedure, Rule 65.

2.    The United States District Court, Southern District of Florida is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the factual events giving rise to these claim(s) occurred.

I.
## PARTY INFORMATION

Plaintiff: Rodger Lovette #180295

Address: ~~Everglades Correctional Institution, 1599 S.W. 187th Avenue, Miami Fl.~~ *6640 N.W. 10TH AVENUE MIAMI, FLORIDA 33150

Year of birth: 1968

v.

Defendant: Dora Jurado

Official Position: Food Service Director

Place of Employment: Everglades Correctional Inst., 1599 S.W. 187th Avenue, Miami, Fl. ~~33194~~ 33194

Defendant: Peter Heron

Official Position: Assistant warden of Operations

Place of Employment: Everglades Correctional Inst., 1599 S.W. 187th Avenue, Miami, Fl. ~~33194~~ 33194

Defendant: Kavell Scott

Official Position: Assistant Warden of Programs

Place of Employment: Everglades Correctional Inst., 1599 S.W. 187th Avenue, Miami, Fl. ~~33194~~ 33194

Defendant: D. Mills

Official Position: Classification Supervisor

Place of Employment: Everglades Correctional Inst., 1599 S.W. 187th Avenue, Miami, Fl. ~~33194~~ 33194

*DEFENDANT: GLENN MORRIS
OFFICIAL POSITION: WARDEN
PLACE OF EMPLOYEMENT: EVERGLADES
CORR. INST. 1599 S.W. 187TH AVE.
MIAMI, FLA. 33194

Defendant: Julia Jones

Official Position; Secretary Florida Dept. of Corrections

Place of Employment: Fla. Dept. Of Corrections, 501 South Calhoun St., Tallahassee, Florida 32399-2500

II.
### STATEMENT OF CLAIMS

Plaintiff Rodger Lovette asserts that he is a citizen, an incarcerated citizen who retains certain rights that are not inconsistent with Plaintiff Lovett's status as a prisoner, or with the legitimate goals of the Florida Department of Corrections. Nevertheless, Plaintiff Lovette asserts that Plaintiff is a citizen of the United States of America and the State of Florida wherein Plaintiff is entitled to protections of the First, Fifth, Eight and Fourteenth Amendments of the United States Constitution, [and] Article I, Section 9 of the Florida Constitution.

Under the First Amendment "Plaintiff Rodger Lovette possess the right of [freedom of speech and expression] and to [petition the government for a redress of grievances]" also that Plaintiff Lovett has the right to [file complaints concerning the conditions of Plaintiff Lovett's imprisonment.] Furthermore, "the First Amendment prohibits Defendants Dora Jurado, Glenn Morris, Peter Heron, Kavell Scott, D. Mills and Julia Jones from establishing and/or enforcing laws that [abridges] the freedom of speech and expression. Defendants cannot "harass" or subject Plaintiff to retaliatory acts or discipline" due to Plaintiff Lovett's exercise of constitutional rights." Plaintiff Lovette asserts that Defendant(s) mentioned

3

herein intentionally participated in a conspiracy to deprive Plaintiff Lovette of First Amendment rights, participated in a conspiracy to retaliate against Plaintiff Lovette due to exercise of First Amendment rights, participated in a conspiracy to "abridge" and "suppress" Plaintiff Lovett's [speech]. Plaintiff Rodger Lovette repeatedly put supervisory Defendant(s) Glenn Morris, Peter Heron, Kavell Scott, D. Mills and Julia Jones on notice of the fact that Defendant Dora Jurado violated Plaintiff Lovette's First Amendment rights. But instead of taking corrective action to remedy the wrong perpetrated by Defendant Dora Jurado by reprimanding Defendant Jurado, supervisory Defendant(s) are liable for the actions of Defendant Dora Jurado under the theory of supervisory liability. Plaintiff Rodger Lovette asserts that his First Amendment rights are clearly established in the law, Defendant(s) Jurado, Morris, Heron, Scott, Mills and Jones knew or should have reasonably known that their action(s), and/or failure to act violated Plaintiff Lovette's rights, thus Defendant(s) are not entitled to either qualified or Eleventh Amendment immunity from suit for the violation of Plaintiff Lovett's Firs Amendment rights. Plaintiff Lovette asserts that he has shown, by a preponderance of the evidence that Defendant Dora Jurado violated Plaintiff Lovette's rights that [other] Defendants participated in a conspiracy to violate Plaintiff Lovette's rights in the manner described above. (See Exhibit A, B and C attached hereto).

4

Pursuant to Amendment Eight of the United States Constitution Plaintiff Rodger Lovette asserts that Plaintiff has a "right to be free from [cruel and unusual punishment.]" The actions of the Defendants Dora Jurado, Glenn Morris, Peter Heron, Kavell Scott, D. Mills and Julia Jones amount to "cruel 'and unusual' punishment" and/or the "wanton infliction of mental, emotional and psychological pain and anguish" in violation of Plaintiff Lovette's Eight Amendment rights. Plaintiff Lovette asserts that the "intentional" and purposeful discrimination against Plaintiff "based upon Plaintiff Lovett's race as a [black African-American] based upon Plaintiff Lovette's membership in a protected class of person(s)" constitutes "cruel and unusual punishment;" the racist remarks made by Defendant Dora Jurado towards Plaintiff Lovette, coupled with the constant threats of bodily harm to Plaintiff Lovette by Defendant(s) Peter Heron & Glenn Morris, also constitutes a violation of Plaintiff Lovette's rights under the Eighth Amendment. Plaintiff Rodger Lovette put supervisory Defendant(s) Glenn Morris and Peter Heron on sufficient notice of the Eighth Amendment violation perpetrated by Defendant Dora Jurado (See grievance log # 1707-40-1-049 attached to grievance log # 17-6-33598 attached hereto) but instead of taking action to remedy the wrong perpetrated by defendant Jurado by "reprimanding" Defendant Jurado, Supervisory Defendant(s) Peter Heron and Glenn Morris participated in [the] conspiracy to cover-up the actions of Defendant Jurado; Plaintiff Rodger Lovette put supervisory

5

Defendant Julia Jones on notice of the Eighth Amendment violation perpetrated by Defendant Dora Jurado. (See Exhibit "A" grievance log # 17-6-33598 attached hereto), Plaintiff Lovette requested that "Defendant Jurado be reprimanded for violating Plaintiff's rights that Defendant(s) Morris and Heron be reprimanded for participating in the conspiracy against Plaintiff, Plaintiff Lovette's secretary level appeal to Defendant Julia Jones was "approved" in contract, Plaintiff Lovette filed subsequent appeals with Defendant Julia Jones in regards to the improper denial of an institutional level complaint. (See Exhibit "A" grievance log # 17-6-42112 attached hereto), but instead of taking corrective action to remedy the wrongs of her subordinates, Defendant Julia Jones chose to intentionally participate in [the] conspiracy to cover-up the illegal action(s) of Defendant(s) Dora Jurado, Glenn Morris and Peter Heron. Plaintiff Lovette asserts hat Plaintiff has shown that Plaintiff Lovette asserts that Plaintiff has shown that Plaintiff's Eighth Amendment right was violated by Defendant Dora Jurado, Supervisory Defendant(s) Glenn Morris, Peter Heron and Julia Jones under the theory of supervisor liability; Plaintiff Rodger Lovette further asserts that his Eighth Amendment rights are clearly established that Defendant(s) Jurado, Morris, Heron and Jones acted "under Color of State Law" in violating Plaintiff's Eighth Amendment rights, the above named Defendant(s) knew or should have reasonably known that their actions

6

and/or "inaction" violated Plaintiff Lovette's rights, thus the above named Defendant(s) are not entitled to either qualified or Eleventh Amendment immunity.

As previously asserted, Plaintiff Lovette has a: "(1) Right to be free from {cruel and unusual punishment}; (2) right to be free from discrimination based upon "race" and "membership in a protected class of person(s); and (3) right to be free from "harassment" and "retaliation" due to exercise of constitutional rights; Plaintiff Lovette asserts that Plaintiff undoubtedly established the fact that Defendant(s) Dora Jurado, Glenn Morris, Peter Heron, Kavell Scott, D. Mills, and Julia Jones deprived Plaintiff Lovette of these constitutional rights, that these Defendant(s) Morris, Heron, Scott and Mills on notice of the deprivation of rights, and supervisory Defendant(s) to include Supervisory Defendant Julia Jones, failed to remedy the wrongs committed by subordinate staff members, (See Exhibit "A" grievance log number(s) 17-6-41887, 17-6-41888, 17-6-42111, 17-6-42112, 17-6-33598 [and] Exhibit "B" grievance log number 401-17090216 attached hereto), pursuant to Amendment(s) Five and Fourteen of the United States Constitution and Article I, Section 9, Florida Constitution "Defendant(s) are prohibited from depriving Plaintiff Lovette of life, liberty, or property without due process of law," Plaintiff Lovette asserts that the above stated liberty interests, (or entitlements) are imbedded in State and Federal law, which Plaintiff Lovette is entitled to [the] due

7

process protections asserted above, Defendant(s) undoubtedly violated Plaintiff Lovette's due process right(s) under the Fifth and Fourteenth Amendments.

On or about "February 2006" Plaintiff Rodger Lovette was sentenced to eighteen (18) years State prison, with credit for four (4) years jail credit due to Plaintiff Lovette entering into a plea agreement with the State of Florida, due to this agreement, Plaintiff's maximum release date was set at December 17, 2020. At the time of this agreement, Plaintiff Lovette has a [right] to earn incentive gain time, (i.e. "for each month in which a prisoner works diligently, participates in training, uses time constructively, or otherwise engages in positive activities, the Department may grant up to 10 days of incentive gain time, which shall be credited [and] applied"), once Defendant(s) awarded Plaintiff Lovette the full ten (10) days incentive gain time for the month(s) of "June 2017" through "October 2017" Defendant(s) had a legal and ministerial duty to apply that earned gain time to Plaintiff Lovette's sentence to make Plaintiff's tentative release date (TRD) proportionately shorter than Plaintiff Lovette's 85% date (i.e. "The Department shall also establish for each prisoner sentenced to a term of years a [tentative release date] which [shall] be the date projected for the prisoner's release from custody [by virtue of gain granted or forfeited] as described, the initial tentative release date shall be determined by deducting basic gain time granted from the maximum sentence expiration date; other gain time shall be applied when granted

8

or restored to make the tentative release date proportionately earlier." AND "A person who is convicted of a crime committed on or after January 1, 1994 may be released from incarceration only: upon expiration of the person's sentence as reduced by accumulated meritorious or incentive gain time.")

Plaintiff Lovette asserts that due to the fact that Defendant(s) granted Plaintiff the full gain time award of ten (10) days for the month(s) of "July 2017" through "October 2017" that gain time had to be applied to Plaintiff Lovette's sentence, this act would have caused Plaintiff Lovette's sentence to expire on November 18, 2017, Defendant(s) failure to apply the total of fifty (50) days to Plaintiff's sentence causing Plaintiff's sentence to expire prior to December 31, 2017, amounts to Plaintiff Lovette being deprived of his liberty to be released upon expiration of Plaintiff's sentence. The failure to apply the fifty (50) days to Plaintiff's sentence amounts to Defendant(s) illegally detaining Plaintiff in physical custody. The act amounts to "cruel and unusual punishment," and a violation of Plaintiff Lovette's due process rights under the Fifth and Fourteenth Amendments. Plaintiff Lovette asserts that based upon the illegal actions of Defendant(s), Plaintiff Lovette was illegally detained in the custody of the Florida Department of Corrections for approximately forty three (43) days.

Plaintiff Rodger Lovette repeatedly put Supervisory Defendant(s) Glenn Morris and Kavill Scott on notice of the deprivation of Plaintiff's rights,

9

defendant(s) Glenn Morris and Kavell Scott were put on notice that the act(s) of refusing to apply the earned gain time to Plaintiff's sentence was illegal and violated the laws of the State of Florida. (See Exhibit "B" grievance log number(s) 1709-401-133 and 1709-401-007 attached hereto).Plaintiff Lovette asserts that Defendant(s) Glenn Morris and Kavell Scott knew that the particular rule and/or law that they relied upon to deny Plaintiff his right was "unconstitutional" because it violated Plaintiff Lovette's due process rights, yet these supervisory Defendant(s) allowed the unconstitutional act to continue, thus Defendant(s) Glenn Morris and Kavell Scott along with Defendant D. Mills are liable for deprivation of Plaintiff Lovette's rights and are liable for the violation of Plaintiff Lovette's Fifth and Fourteenth due process rights.

Plaintiff Lovette put Supervisory Defendant Julia Jones on notice of the violation of Plaintiff Lovett's due process right(s) that Defendant(s) at the institutional level were participating in a conspiracy to deprive Plaintiff Lovette of his right to have earned gain time applied to Plaintiff's sentence. (See Exhibit "B" grievance log number 17-6-36118 and # 17-6-41472 attached hereto), but instead of ordering prison officials to apply the earned gain time to Plaintiff's sentence and reprimanding Defendant(s) Glenn Morris and Kavell Scott and D. Mills for violating Plaintiff's rights and for participating in the conspiracy to deprive

Plaintiff of is rights, Defendant Julia Jones participated in the conspiracy to deprive Plaintiff Lovette of his rights by denying Plaintiff Lovette's secretary level appeals.

Plaintiff Lovette asserts that his Fifth and Fourteenth Amendment rights are clearly established in the law. Defendant(s) Julia Jones, Glenn Morris, Peter Heron, Kavell Scott and D. Mills, employed by the State of Florida Department of Corrections and being sued in their "individual capacities" acted "under the Color of State Law" Defendant(s) Jones, Morris, Heron, Scott and D. Mills knew or should have reasonably known that their actions violated Plaintiff Lovette's Fifth and Fourteenth Amendment rights, thus Defendant(s) Jones, Morris, Heron, Scott and D. Mills are not entitled to either qualified immunity or Eleventh Amendment immunity.

Plaintiff Rodger Lovette asserts that he is a member in a protected class of person(s), (Inmates' that have reached their 85% percent date) Plaintiff Lovette asserts that Defendant(s) Kavell Scott, Glenn Morris and Julia Jones participated in a conspiracy to violate Plaintiff Lovette's 14th Amendment Equal Protection Rights. Plaintiff Lovette put Supervisory Defendant Kavell Scott on notice of an unconstitutional act that violated Plaintiff Lovette's Equal Protection Right(s). (See Exhibit "B" grievance log number 401-1709-216 attached hereto) Plaintiff Lovette requested that certain officials, (D. Mills and the classification department) be reprimanded for violating grievant's equal protection rights. Defendant Kavell

11

Scott refused to take corrective action to remedy the wrong; on <u>October 10, 2017</u> Plaintiff Lovette put Supervisory Defendant on notice of the violation of Plaintiff Lovette's equal protection rights. Defendant Glenn Morris refused to take corrective action to remedy the wrong. Defendant Morris refused to respond to the formal complaint; on October 31, 2017 Plaintiff Lovette filed an administrative appeal in regards to the violation of Plaintiff Lovette's equal protection rights, Defendant Julia Jones refused to respond to the secretary level complaint. The actions of Defendant(s) Kavell Scott, Glenn Morris and Julia Jones amount to a violation of Plaintiff's equal protection rights.

Plaintiff Lovette asserts that Defendant(s) Julia Jones, Glenn Morris, Kavell Scott and Peter Heron participated in a conspiracy to deprive Plaintiff Lovett of his right of "unobstructed" access to Courts, these same Defendant(s) transgressed upon Plaintiff Lovette's "speech and expression" rights by implementing, and/or enforcing a rule that Defendant(s) reasonable knew was unconstitutional because the particular rule "suppresses" and "abridges" the "Freedom of speech and expression." On several occasions Plaintiff Lovette put prison officials on notice that Plaintiff Lovette needed a particular documents (a photocopy of Plaintiff's inmate account for the previous six months incarceration). Officials refused to provide Plaintiff Lovette with the document; Plaintiff Lovette advised Defendant Kavell Scott that Plaintiff needed the account statement, Plaintiff provided the

12

reason(s) for the need to have the document, Plaintiff advised that Defendant Scott was the subject of the civil rights complaint, that the document was needed and/or required to process a civil rights claim under 42 U.S.C. Section 1983. Plaintiff Lovette advised Defendant Kavell Scott that the refusal to provide Plaintiff with the account statement impeded Plaintiff's access to Court's and was a deliberate action in retaliation against Plaintiff Lovette due to Plaintiff's use of the prison grievance procedure. Plaintiff Lovette requested that Plaintiff be immediately provided with a copy of the document in order to initiate a civil rights law suit. Defendant Kavell Scott refused to respond to the informal complaint, and refused to provide Plaintiff Lovette with a copy of the account statement.

Plaintiff Lovette then filed a formal grievance with Defendant Glenn Morris in regards to being denied access to [the] account statement. Plaintiff Lovette advised Defendant Morris that "the request for the photocopy of the six (6) month account statement was being made under [exceptional circumstances] pursuant to State law and departmental procedures, Plaintiff Lovette further advised Defendant Morris that he was the subject of the civil complaint, along with Defendant Scott. Plaintiff advised that the document was [required] to initiate the lawsuit, that Defendant Scott be reprimanded for refusing to provide Plaintiff with the document." Plaintiff requested that he be provided with a copy of the account statement. Defendant Glenn Morris refused to respond to the formal complaint nor

13

did Defendant Morris provide Plaintiff Lovette with a copy of the requested document.... Plaintiff Lovette then filed a complaint with Defendant Julia Jones. Plaintiff Lovette alleged that Defendant(s) Glenn Morris and Kavell Scott were violating Plaintiff's right(s) by obstructing Plaintiff Lovette's access to Courts. Plaintiff Lovette put Defendant Jones on notice that she too was the subject of the civil rights complaint. Plaintiff Lovette requested that Defendant(s) Morris and Scott were participating in a conspiracy to retaliate against Plaintiff, to deprive Plaintiff of this [right to access]. Plaintiff Lovette requested that Defendant(s) Morris and Scott be reprimanded for violating Plaintiff's right(s) for participating in the conspiracy against Plaintiff and that Plaintiff Lovette be immediately provided with a photocopy of his account statement for the previous six (6) months. Defendant Julia Jones refused to respond to the complaint and refused to provide Plaintiff Lovette with the requested document.

Plaintiff Lovette asserts that "pursuant to the First Amendment, Plaintiff has a right of [freedom of speech and expression], and that this right cannot be arbitrarily "suppressed" nor can this right be "abridged." Plaintiff Lovette asserts that he exercised his right of "free speech and expression" when Plaintiff files grievances concerning the conditions of confinement." The rule that plaintiff Lovette asserts is "unreasonable" and "unconstitutional," (limiting an inmate to use only two (2) narrative pages when filing grievances), undoubtedly "suppresses"

14

and "abridges" Plaintiff's [speech and expression], Plaintiff Lovette asserts that "the rule is not reasonably related to a legitimate penalogical interest allowing an inmate to use more than two (2) narrative pages when filing grievances is consistent with the First Amendment's proscription of "free speech." Defendant(s) Julia Jones, Glenn Morris, Peter Heron, and Kavell Scott are well aware of the fact that their action(s) in implementing the rule on constitutional rule to continue violates Plaintiff Lovette's First Amendment rights, thus Plaintiff Lovette asserts that he has established his First Amendment right of [freedom of speech and expression], and that Defendant(s) Jones, Morris, Heron, and Scott violated this right in the manner described above; Plaintiff Lovette asserts that the above named Defendant(s) reasonably knew that their actions violated Plaintiff's rights, thus Defendant(s) Julia Jones, Glenn Morris, Peter Heron and Kavell Scott are not entitled to qualified immunity or Eleventh Amendment immunity from suit for the violation of Plaintiff Lovette's First Amendment right(s).

Plaintiff Lovette asserts that pursuant to the First Amendment, Plaintiff has a right of "access to the Courts" which is subsumed within the right to "petition the government for a redress of grievances." Plaintiff has the right to "unobstructed" [and] "unhindered" access to Courts. Defendant(s) Kavell Scott, Glenn Morris, and Julia Jones participated in a conspiracy to deprive Plaintiff Lovette of his right(s). Intentionally violating Plaintiff's First Amendment rights; Plaintiff Lovette asserts

15

that Defendant(s) Scott, Jones and Morris has a "legal" [and] "ministerial" duty to assist Plaintiff in filing meaningful legal papers. Plaintiff Lovette further asserts that Plaintiff has a right to the performance of this "legal" [and] "ministerial" duty. Defendant(s) Kavell Scott, Glenn Morris and Julia Jones deprived Plaintiff of his rights when "<u>Defendant(s) refused to provide Plaintiff Lovette with a photocopy of Plaintiff's inmate account for the previous six(6) months of incarceration that was "necessary" and "required" in order to initiate a civil rights lawsuit against Defendant(s) under title 42, Section 1983 for the violation of plaintiff Lovette's First Amendment rights</u>."

Plaintiff Lovette asserts that he has a right to possess a photocopy of the aforementioned document. Defendant(s) Kavell Scott, Glenn Morris and Julia Jones action(s) amount to "egregious" and "unethical" behavior. Plaintiff Lovette asserts that Defendant(s) action(s) were a form of "harassment" [and "retaliation" aimed at Plaintiff Lovette due to Plaintiff Lovette's use of the "prison grievance procedure," and due to a previous lawsuit filed against Defendant Julia Jones and other prison officials that was recently "settled out-of-court" on September 22, 2017. Plaintiff Lovette asserts that Defendant(s) Kavell Scott, Glenn Morris and Julia Jones violated Plaintiff Lovette's 14th Amendment due process rights and Plaintiff Lovette's due process rights under Article I, Section 9, Fla. Const. when Defendant(s)  intentionally deprived Plaintiff Lovette of his rights. <u>Plaintiff</u>

16

<u>Lovette asserts that his due process rights under Amendment 14, Section I, U.S. Constitution [and] Article I, Section 9, Fla. Const. are clearly established in the law; Plaintiff Lovette asserts that Defendant(s) Kavell Scott, Glenn Morris and Julia Jones acted "under Color of State Law" in violating Plaintiff's rights. Defendant(s) Kavell Scott, Glenn Morris and Julia Jones, being sued in their [individual capacities] under 42 Section 1983, knew  or should have reasonably known that their action(s) violated Plaintiff Lovette's constitutional rights, thus Defendant(s) Kavell Scott, Glenn Morris and Julia Jones are not entitled to qualified immunity [or] Eleventh Amendment immunity.</u>

Plaintiff Rodger Lovette reiterates his claim that Plaintiff Lovette has a constitutional right under the Eighth Amendment to be "free from cruel and unusual punishment" and that under the First Amendment to be "free from "harassment" and "retaliation" due to exercise of protected right(s). Plaintiff Lovette asserts that Defendant(s) Glenn Morris and Peter Heron deprived Plaintiff Lovette of the aforementioned asserted right(s), violating Plaintiff Lovette's right(s) under the First and Eighth Amendment(s).

On two (2) separate occasions, "July 12, 2017" [and] "October 11,2017" Defendant(s) Glenn Morris and Peter Heron threatened Plaintiff Lovette with bodily harm because Plaintiff Lovette filed a previous lawsuit against Department of Corrections officials, and because Plaintiff repeatedly filed complaints against

17

both Defendant(s) Glenn Morris and Peter Heron, (See Exhibit "A" grievance lot number 17-6-33598; # 17-6-41888 and # 17-6-42112; see also Exhibit "B" grievance log number 17-6-36118 and # 17-6-41472; also see Exhibit "C" grievance log number 17-6-42489; # 17-6-41429; # 17-6-29894; # 17-6-29896 and # 17-6-33828 and its attachment(s) attached hereto), Plaintiff Lovette asserts that Defendant(s) Glenn Morris and Peter Heron's actions and/or threats made against Plaintiff Lovette were intentional and designed to instill fear into Plaintiff, and designed to cause Plaintiff Lovette mental, emotional and psychological pain and anguish; Plaintiff Lovette asserts that he has a right to file lawsuits and prison grievances without being subjected to harassment and retaliation for doing so. Defendant(s) Glenn Morris and Peter Heron deprived Plaintiff Lovette of the above asserted right(s), violating Plaintiff Lovette's First, Eighth, and Fourteenth Amendment right(s). Plaintiff Lovette asserts that he was engaged in protected conduct when Plaintiff filed [the] lawsuit and filed the grievances against Defendant(s). Plaintiff Lovette suffered adverse action when Plaintiff Lovette was threatened by Defendant(s) Morris and Heron on "July 17, 2017" and "October 11, 2017." Plaintiff Lovette asserts that there was a casual connection between Plaintiff's protected conduct and the punishment Plaintiff Lovette received from Defendant(s) Glenn Morris and Peter Heron. Plaintiff Lovette asserts that Defendant(s) Glenn Morris and Peter Heron acted "under Color of State Law"

18

when they violated Plaintiff Lovette's First, Eighth and Fourteenth Amendment right(s).Plaintiff Lovette asserts that these rights are clearly established in the law, Defendant(s) Glenn Morris and Peter Heron knew or should have reasonably known that their illegal behavior towards Plaintiff Lovette violated Plaintiff Lovette's rights, thus Defendant(s) Glenn Morris and Peter Heron are not entitled to qualified immunity or Eleventh Amendment immunity.

Plaintiff Rodger Lovette asserts Defendant Julia Jones, along with Defendant(s) at the Everglades Correctional Facility are intentionally participating in a conspiracy to deprive Plaintiff Lovette of his rights, Defendant(s) are knowingly participating in a conspiracy to violate Plaintiff Lovette's right(s).

Plaintiff Rodger Lovette filed institutional level complaints with Defendant Glenn Morris, advising Defendant Morris that Plaintiff Lovette had been deprived of certain right(s). Plaintiff Lovette requested that staff be reprimanded for failure to follow proper procedures and for violating Plaintiff's right(s). Defendant Peter Heron arbitrarily denied the institutional level complaints stating that "Plaintiff Lovette's appeal(s) were so broad, general and vague in nature that they could not be clearly reviewed, evaluated, and responded to; and/or the appeals were not written "legibly." Plaintiff then filed secretary level complaints to Defendant Julia Jones in regards to the improper denials provided by Defendant Peter Heron, Defendant Jones "approved" Plaintiff's complaint(s), advising Defendant Glenn

19

Morris to provide Plaintiff Lovette with an [appropriate] "amended" responses. Defendant Glenn Morris declined to follow the orders of Defendant Julia Jones. Plaintiff Lovette then re-riled the complaints at the secretary level as directed by Defendant Julia Jones because Defendant Glenn Morris refused to provide Plaintiff Lovette with [the] amended responses. Plaintiff Lovette requested that Defendant Peter Heron be reprimanded for violating Plaintiff Lovette's rights and that Defendant Heron be reprimanded for being biased against Plaintiff Lovette and for showing partiality towards subordinate staff. Defendant Julia Jones "returned both complaints without processing the complaints, Defendant Julia Jones's responses were biased, showed partiality towards Defendant Heron. Defendant Jones responses showed her desire to participate in a conspiracy to cover-up the illegal actions of Defendant Peter Heron and [other] staff members. (See Exhibit "C" grievance log number 17-6-29896 and # 17-6-29894 attached hereto).

Plaintiff Lovette filed a formal grievance (alleging reprisal retaliation) directly with Defendant Glenn Morris who was the only person authorized to either approve, deny or return the complaint per proper departmental policy and procedures. The institutional level complaint advised Defendant Morris that a particular security staff member "verbally abused Plaintiff Lovette," [and] "violated State law by introducing contraband onto the facility and attempting to pass the contraband to Plaintiff Lovette." Defendant(s) Peter Heron and Glenn

20

Morris provided an arbitrary joint response. Defendant Heron impermissibly denied the complaint, per departmental policy. Defendant Heron was not authorized to deny the complaint. Plaintiff Lovette then filed a administrative appeal with Defendant Julia Jones. Plaintiff Lovette put Defendant Julia Jones on notice of the violation of Plaintiff's right(s) and that Defenant heron acted improperly in denying Plaintiff Lovette's institutional level appeal. Plaintiff Lovette requested that "a Sgt. J. Harrison be reprimanded for violating Plaintiff Lovette's rights and that Defendant Glenn Morris & Peter Heron be reprimanded for participating in a conspiracy against Plaintiff Lovette." Defendant Julia Jones "conspiratorially" returned Plaintiff's complaint without processing the complaint stating that "Plaintiff Lovette's institutional level complaint was determined to be in non-compliance with departmental rules." This response was "arbitrary" and capacious because it can be clearly seen that "Plaintiff Lovette's institutional level complaint was not determined to be in non-compliance." (See Exhibit "C" grievance log number 17-6-42489 attached hereto).

Plaintiff Lovette asserts that Defendant(s) Glenn Morris and Julia Jones participated in a conspiracy to deprive Plaintiff Lovette and other inmates of their right to receive "adequate notice of what rules required of inmates." Several of Defendant(s) rules failed to provide "adequate definitions." Plaintiff Lovette argued that "inmates have a right to receive adequate notice and that punishing

21

<u>Plaintiff Lovette and other inmates under vague rules violated an inmates' due process rights</u>." Plaintiff Lovette put Defendant Glenn Morris on notice of this violation. Defendant Morris refused to address the issue. Defendant Morris refused to respond to the institutional complaints. Plaintiff Lovette filed an administrative complaint with Defendant Julia Jones putting Defendant Jones on notice that inmates' were being deprived of their right to receive adequate notice and that punishing inmates under vague rules violated inmates' due process rights. Plaintiff Lovette advised that officials at the secretary level and at the institutional level were participating in a conspiracy to deprive inmates' of their right to receive adequate notice. The complaint, (<u>See Exhibit "C" grievance log number 17-6-42429 attached hereto</u>) was neither broad, general, or vague. The complaint was written legibly where Defendant Julia Jones could have easily understood the complaint, reviewed and evaluated the complaint and provide Plaintiff Lovette with a proper response, but instead of taking corrective action to remedy the wrong by (reprimanding her subordinates for depriving inmates of their right to receive fair notice and to require her subordinates to adequately define all rules under F.A.C. 33-601.314) Defendant Julia Jones chose to intentionally ignore the obvious problem by refusing to take corrective action to remedy the wrong.

Note: It can be clearly seen that Exhibit "C" grievance Log number 17-6-41428 was in compliance to show that Defendant Julia Jones is biased against

Plaintiff Lovette and willing to participate in [the] conspiracy against Plaintiff Lovette. (Compare Exhibit "C" grievance log number 17-6-41429 with Exhibit "C" grievance log number 15-6-00815 attached hereto). Both appeals were legibly written. Both complaints raised the exact same issue "failure to adequate define rules violated an inmates due process rights." Exhibit "C" grievance log number 15-6-00815 was in regards to a Disciplinary Report Plaintiff received for 9-5 theft. The Disciplinary Report for 9-5 was "overturned" due to being vague, and for failure to a adequately define Rule 9-5.

On August 9, 2017 Plaintiff Lovette filed an administrative appeal with Defendant Julia Jones. Plaintiff raised one (1) issue "Defendant(s) Glenn Morris, Peter Heron and Kavell Scott participating in a conspiracy against Plaintiff Lovette as a form of retaliation." Plaintiff Lovette attacked several copies of prior complaints filed as "demonstrative evidence" to show that Defendant(s) Morris, Heron and Scott were participating in the conspiracy. Plaintiff Lovette asserts that "due to the nature of the complaint(s) coupled with the responses provided by Defendant(s) Morris, Heron and Scott it was clear that Defendants were participating in a conspiracy against Plaintiff Lovette." Plaintiff Lovette put supervisory Defendant Julia Jones on notice of the violation of Plaintiff Lovette's First and Fourteenth Amendment rights. Plaintiff Lovette requested that Defendants Morris, Heron and Scott be reprimanded for violating Plaintiff

Lovette's rights and for participating in a conspiracy against Plaintiff, but instead of taking action to remedy the wrongs perpetrated by her subordinates, Defendant Julia Jones to participate in the conspiracy against Plaintiff by refusing to take any form of corrective action against Defendants Glenn Morris, Peter Heron and Kavell Scott. (See Exhibit "C" grievance log number 17-6-33828 attached hereto).

(1)     Plaintiff Rodger Lovette was previously confined at the Everglades Correctional Facility from approximately "August 2013" until "October 2014" during this time Plaintiff Lovette was assigned to the food service department at the Everglades Correctional Facility. (See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(2)     During the time period of "August 2013" through October 2014, Defendant Dora Jurado was the food service director at the Everglades Correctional Facility. During this time period "above satisfactory" from the security department and from Defendant Dora Jurado on a monthly basis, never receiving any form of disciplinary action from any staff member at the Everglades Correctional Facility from "August 2013" through "October 2014" Defendant Dora Jurado routinely discriminated against "black" inmates in the food service dept. (See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(3)     From "August 2013" through "October 2014)" Plaintiff Rodger Lovette participated in the prison's grievance procedure to complain to officials at

the Everglades Correctional Facility about the [conditions of confinement] at the facility. On or about October 27, 2014 Plaintiff Lovette was transferred away from the Everglades Correctional Facility due to Plaintiff Lovette being awarded a [good adjustment] transfer.

(4)     Plaintiff Rodger Lovette was transferred to the Lake Correctional Facility on October 27, 2014. Immediately upon arrival at the Lake Correctional Facility, Plaintiff Lovette was threatened by staff due to Plaintiff Lovette exercising free speech rights, from October 27, 2014 until January 12, 2015 officials at the Lake Correctional Facility continued to "harass" and "retaliate" against Plaintiff Lovette because Plaintiff Lovette participated in the grievance process.

(5)     On January 12, 2015 Plaintiff Rodger Lovette was "arbitrarily" transferred away from the Lake Correctional Facility due to prison officials labeling Plaintiff Lovette an "internal security threat" without reasonable cause and/or justification.

(6)     On February 4, 2015 Plaintiff Lovette was transferred to the Martin Correctional Facility. Once again immediately upon arrival at the Martin Correctional Facility prison officials began to constantly "harass" and "threaten" Plaintiff Lovette from "June 2015" until "October 13, 2015." Plaintiff Lovette filed over forty (40) complaints against staff at the Martin Correctional Facility.

25

Subsequently on October 14, 2015 Plaintiff Lovette was "arbitrarily" transferred away from the Martin Correctional Facility to the Everglades Correctional Facility "prison officials stated that the transfer to the Everglades Correctional Facility was due to placement in the substance program, that was based upon an assessment completed at the South Florida Reception Center in the year 2006."

(7)   On October 13, 2015, Plaintiff Lovette was transferred back to the Everglades Correctional Facility. Immediately upon arrival at the Everglades Correctional Facility security staff [and] the administration began to participate in a "purposeful" conspiracy to retaliate against Plaintiff Lovette.

(8)   On or about December 15, 2015, Plaintiff Lovette field a civil rights lawsuit against certain Department of Corrections officials, in reference to the violation of Plaintiff Lovette's constitutional rights that occurred at the Lake Correctional Facility between "October 28, 2014 through "January 12, 2015."

(9)   Approximately November 11, 2015 Plaintiff Rodger Lovette was assigned to the food service department at the Everglades Correctional Facility. Defendant Dora Jurado immediately confronted Plaintiff Lovette and stated directly to Plaintiff "listen Mr. Lovette I don't need no problems from you. You black people don't know how to act. If you start writing all those grievances again, you're gonna have a problem from me."

26

(10)   On December 24, 2015 Plaintiff Lovette reported to work in the food service department at the Everglades Correctional Facility. Plaintiff Lovette witnessed a [Spanish speaking inmate] eating certain food that was not on the approved institutional menu. Plaintiff Lovette asked Defendant Dora Jurado "can I have a hamburger to eat just like the Spanish inmate?" Defendant Dora Jurado responded by stating to Plaintiff Lovette "no, you black people don't deserve nothing. My Spanish people are better than you are." Plaintiff Lovette issued Defendant Dora Jurado a [verbal grievance] stating to Defendant Dora Jurado "that is favorable treatment for the Spanish inmates, It discrimination, I have a right to be treated the same as the Spanish inmate, You just violated my rights. It's not right, Defendant Dora Jurado responded by stating to Plaintiff Lovette "I don't give a damn about your rights, you black people don't deserve to have any rights. (See Exhibit "A" grievance log number 17-6-33598 attached hereto.)

(11)   On January 16, 2016 Plaintiff Lovette reported to work in the food service department at the Everglades Correctional Facility. Plaintiff Lovette was not feeling well due to the medication Plaintiff is currently taking. Plaintiff Lovette approached Defendant Dora Jurado and asked Defendant Jurado to be excused from work due to illness. Defendant Dora Jurado stated to Plaintiff Lovette "since you want to talk about your rights, your n***error a** will not leave." Approximately one (1) hour later a [Spanish speaking inmate] asked Defendant

27

Jurado to leave food service to go to the canteen. Defendant Jurado allowed the [Spanish speaking inmate] to leave food service. Plaintiff Lovette approached Defendant Dora Jurado "why did you let the Spanish speaking leave, but refuse to let me leave, if you allowed the Spanish speaking inmate to leave then I should have been allowed to leave?" Defendant Dora Juraddo responded by stating to Plaintiff Lovette "[I told you my Spanish people are better than you black people, I can do whatever I want for my people. There's nothing you can do about it.]" (See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(12)   On January 18, 2016 Plaintiff Lovette filed a formal complaint with the warden of Everglades Correctional Facility complaining about the incident(s) involving Defendant Dora Jurado on "Dec. 24, 2015" and "January 16, 2016." The warden refused to respond to the complaints."

(13)   On January 24, 2016 when Defendant Dora Jurado reported back to work, Defendant Jurado stated directly to Plaintiff Lovette "since you want to write me up get your dumb black a** out of my kitchen. I'm taking you off the active roster, you won't work in my kitchen no more."

(14)   On February 8, 2016 Plaintiff Rodger Lovette filed a formal complaint with the Defendant Julia Jones complaining about the illegal actions of Defendant Dora Jurado on "Dec. 24, 2015" and "January 16, 2016" and in regards to the fact that "Everglades officials failed to respond to Plaintiff Lovette's

28

institutional level complaints. Plaintiff Lovette requesed that Defendant Dora Jurado be reprimanded for discriminating against Plaintiff Lovette. Defendant Julia Jones refused to take corrective action against Defendant Jurado nor did Defendant Jones respond to the complaint dated Feb. 8, 2016."

(15)   From "January 19, 2016" until "August 26, 2016" Plaintiff Lovette was not allowed to work in the food service department at the Everglades Correctional Facility due to Defendant Dora Jurado removing Plaintiff Lovette from the "active" food service roster. Plaintiff Lovette filed several complaints in regards to Defendant Dora Jurado "impermissibly" rating Plaintiff Lovette's work performance as [above-satisfactory]. "[Since Plaintiff Lovette was taken off the active food service roster, and not allowed to work in food service, rating Plaintiff's work performance as "above-satisfactory" constituted a fraudulent act, an intentional violation of department policy submitting "inaccurate" and "untruthful" information  on an official departmental report. Plaintiff Lovette repeatedly put prison administrators on notice of this obvious violation, but instead of taking corrective action of Defendant Dora Jurado.]" For an example of this conspiracy, review the responses from Defendant(s) Julia Jones, Glenn Morris, Kavell Scott, D. Mills, etc. (Exhibit "A" grievance log numbers 17-6-41887; 17-6-42111; 1709-401-009 and 1709-401-009 attached hereto).

(16)   On September 13, 2016 Plaintiff Rodger Lovette field a formal complaint with the warden of Everglades Correctional in regards to its staff and administration participating in a conspiracy to retaliate against Plaintiff Lovette due to Plaintiff's exercise of free speech rights (filing grievances). The warden refused to respond to the formal complaint. Soon thereafter on September 16, 2016 Plaintiff Lovette was subjected to a harassing locker search unknown security staff entered Plaintiff's cell and intentionally destroyed Plaintiff Lovette's legal work. Plaintiff Lovette then filed a formal complaint with the warden of Everglades Correctional on September 18, 2016 in regards to the incident that occurred on September 16, 2016 Plaintiff Lovette advised the warden to view the surveillance tape of the incident to determine who entered Plaintiff Lovette's cell on September 16, 2016. Plaintiff Lovette further requested that staff be reprimanded for their illegal actions. The warden refused to respond to Plaintiff's complaint.

(17)   On September 30, 2016 Plaintiff Rodger Lovette was finally allowed to report back to work in the food service department at the Everglades Correctional Facility. On September 30, 2016 Plaintiff Lovette filed two (2) separate complaints. One (1) to the Defendant Kavell Scott and one (1) to the warden. Plaintiff Lovette put these supervisory officials on notice that Defendant Dora Jurado was violating inmates rights by routinely discriminating against "black" inmates. Plaintiff Lovette requested that defendant Dora Jurado be

30

reprimanded for violating black inmates' equal protection rights. Defendant Kavell Scott and the warden refused to respond to the complaints.

(18)   On March 3, 2017 while assigned to the food service department at the Everglades Correctional Facility, Plaintiff Lovette approached Defendant Dora Jurado and requested to be re-assigned to a less stressful job, that Plaintiff's current job as a "cook" was beginning to affect Plaintiff Lovette "mentally" and "physically." Nevertheless Defendant Dora Jurado denied Plaintiff Lovette's request to be re-assigned. (Exhibit "A" grievance log number 17-6-33598 attached hereto.)

(19)   On Monday March 6, 2017 a [Spanish speaking inmate] was assigned to the food service department at the Everglades Correctional Facility. Defendant Dora Jurado promptly assigned the Spanish speaking inmate as a table washer. Plaintiff Lovette advised Defendant Dora that this was an act of "favoritism." Defendant Dora Jurado responded by stating to Plaintiff Lovette "Spanish people deserve to work easy, you people don't deserve nothing." Plaintiff Lovette then advised Defendant Dora Jurado that "this act violated Plaintiff's equal protection rights, that the act was racially motivated, and that all inmates' had a right to be treated equally and that Plaintiff Lovette would file a complaint against Defendant Jurado. Defendant Jurado responded by stating to Plaintiff "since you want to write

31

this up, you're a** is assigned to the pot room immediately. Not get out of my office." (See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(20)   On Wednesday March 22, 2017 a [black inmate] was caught with just "two (2) pieces of lunch meat." Defendant Dora Jurado witnessed this act and had the black inmate removed from food service. Less than ten (10) minutes later a "Spanish speaking inmate" with about ten (10) sandwiches wrapped in plastic and wrapped around the Spanish speaking inmate's waist. Defendant Dora Jurado refused to take the sandwiches from the Spanish speaking inmate. Defendant Dora Jurado allowed the Spanish speaking inmate to walk away with the sandwiches. (See Exhibit "A" grievance log number 17-6-33598 attached hereto.)

(21)   On Thursday March 23, 2017 Plaintiff Lovette reported to work in the food service department at the Everglades Correctional Facility when Defendant Dora Jurado reported to work. Defendant Jurado stated directly to Plaintiff Lovette "you want to write  things up, your day is coming." The very next day Plaintiff Lovette filed three (3) complaints against Defendant Dora Jurado. Two (2) about the unsanitary condition of the food service department and one (1) about the discriminatory acts. On Thursday March 30, 2017 Plaintiff Lovette reported to work in the food service department. Defendant Dora Jurado stated to Plaintiff Lovette "since you want to write me up, get out of my kitchen. I'm taking you off the roster." (See Exhibit "A" grievance log number 17-6-33398 attached hereto).

32

(22)   For the next six (6) days Defendant Dora Jurado refused to allow Plaintiff Lovette to work in food service.

(23)   On Monday April 3, 2017 Plaintiff Lovette filed a formal complaint with Defendant Glenn Morris. Plaintiff Lovette advised Defendant Morris that certain staff, including Defendant Kavell Scott were intentionally retaliating against Plaintiff. That Defendant(s) Morris and Scott would be named as defendants in a civil rights complaint. Defendant Glenn Morris refused to respond to the complaint.

(24)   On Wednesday April 5, 2017 Plaintiff Lovette was allowed to report back to work in food service at the Everglades Correctional Facility. At this time three (3) new Spanish speaking inmates' were assigned to the food service department. Plaintiff Lovette asked Defendant Dora Jurado to be re-assigned as a "cook" because Plaintiff Lovette had prior experience as a "cook." Defendant Dora Jurado responded by stating to Plaintiff Lovette "No! Since you want to write me up, you'll stay in the pot room." Instead Defendant Jurado assigned [the] Spanish speaking inmate as [the] cook. Plaintiff Lovette advised Defendant Jurado "that this was an act of racial discrimination." Defendant Dora Jurado responded by stating to Plaintiff "I can give a job to my people. You black people don't deserve nothing." (See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(24)   On April 5, 2017 Plaintiff Lovette entered the food service building as Plaintiff exited the food service building. Plaintiff Lovette was confronted by Defendant Kavell Scott who stated directly to Plaintiff Lovette "Lovette since you want to sue me and the warden let's see how you like it in confinement. The search team is coming and me and the warden going to make sure you're a** goes to confinement." Later that night on 4/5/2017 at approximately 6:10 p.m. the search team entered [B2 top] and ordered all inmates to report to the recreation field. As Plaintiff Lovette was exiting B-dorm, Defendant Kavell Scott stated to Plaintiff Lovette "when you get back a surprise will be waiting for you." Defendant Kavell Scott began to laugh and just walked away. At approximately 9:10 p.m. Plaintiff Lovette returned to B-dorm. When Plaintiff Lovette returned to B-dorm a Sgt. Cobb placed Plaintiff Lovette in hand restraints and advised Plaintiff Lovette that Plaintiff was being placed in confinement. As Plaintiff Lovette walked downstairs Defendant Kavell Scott began to laugh and stated to Plaintiff Lovette "I told you ]we] were going to get you, you're a** is going to confinement pending disciplinary action for [possession of a cell phone]."

(25)   On April 6, 2017 while in confinement at the Everglades Correctional Facility, Plaintiff Lovette submitted a request to the administrative lieutenant, Plaintiff Lovette requested [that the video surveillance tape from B2 top 211 L. on April 5, 2017 between 6:10 p.m. - 9:10 p.m. be retained and reviewed. That the

34

video tape would show that on 4/5/17 at 6:10 p.m. all inmates exited the dorm and did not return until 9:10 p.m. That the video tape would show the individuals who intentionally placed the alleged cell phone under Plaintiff Lovette's pillow.]" Six (6) days later on Tuesday April 11, 2017 Plaintiff Lovette was released from confinement. Upon release Defendant Kavell Scott (chairperson of the institutional classification team, charged with reviewing an inmates' placement [and] status in administrative confinement) once again approached Plaintiff Lovette and stated to Plaintiff Lovette "you think you're smart by writing that request to review the camera, you got off this time, "we" will get you're a** again."

(26) Upon Plaintiff Lovette's release from confinement Plaintiff was reassigned to the food service department at the Everglades Correctional Facility. On Sunday April 23, 2017 Plaintiff Lovette reported to work in food service. Plaintiff Lovette was suffering from "side effects" from the medication Plaintiff was prescribed by the medical department. "Plaintiff Lovette became ill, Plaintiff felt "dizzy" and "nauseated" and began to vomit." Plaintiff Lovette was removed from the food service department on 4/23/2017 and placed into administrative confinement.(See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(27) On Monday April 24, 2017 Defendant(s) Kavell Scott and D. Mills (members of the institutional classification team) entered the confinement unit at the Everglades Correctional Facility to interview inmates' in confinement.

Defendant(s) Mills and Scott stopped at Plaintiff Lovette's cell door and stated to Plaintiff "You got away the last time, "we" told you before "we'd" get your, you are getting a DR for using drugs."

(28)   On Tuesday April 25, 2017 Plaintiff Lovette filed a formal complaint to the warden of Everglades Correctional Facility. Plaintiff Lovette advised that Plaintiff was wrongfully accused of using drugs. That Plaintiff was wrongfully accused of using drugs. That Plaintiff Lovette was "vomiting" and fell down several times due to the side effects from the medication Plaintiff Lovette was taking. Plaintiff Lovette was taking. Plaintiff Lovette further advised that Plaintiff Lovette had a history of "vomiting," abdominal distress etc. and that Plaintiff Lovette was taking [other] medication that caused dizziness, tiredness, loss of sleep etc. and that a review of Plaintiff Lovette's medical file would substantiate Plaintiff's claim(s). Plaintiff Lovette also advised the warden to check institutional records for a "positive urinalysis test" for the use of drugs. The warden never responded to the formal complaint. Plaintiff Lovette was not issued a Disciplinary Report. Plaintiff Lovette was released from confinement.

(29)   On May 3, 2017 Plaintiff Lovette was released from confinement. Defendant Dora Jurado would not allow Plaintiff Lovette to work in the food service department because Jurado had erroneously determined that Plaintiff Lovette was using drugs in food service. Plaintiff Lovette advised Defendant

Juardo that Plaintiff was not using drugs. That Plaintiff was "drug-free" for the past fifteen years and that Plaintiff was vomiting due to reactions from the medication Plaintiff was taking. Plaintiff Lovette even provided Defendant Jurado with documentation that verified Plaintiff's claim. Defendant Jurado responded by stating to Plaintiff Lovette "[I don't care, you won't work in food service anymore. You should have thought about this before you started writing all those grievances about the kitchen." (See Exhibit "A" grievance log number 17-6-33598 attached hereto).

(30)   May 3, 2017 until October 11, 2017 Plaintiff Lovette was assigned to the food service department at the Everglades Correctional Facility, but was not allowed to physically work in the food service department due to Defendant Dora Jurado removing Plaintiff Lovette from the "active" food service roster, yet Defendant Dora Jurado "fraudulently" rated Plaintiff Lovette's work performance as above-satisfactory. Plaintiff Lovette submitted a "informal complaint to Defendant Glenn Morris asserting that Defendant Jurado's action in rating Plaintiff Lovette's work performance as above satisfactory constituted "fraud" and a violation of departmental policy "Plaintiff Lovette that Defendant Dora Jruado be reprimanded for violating policy and procedures and for falsifying documents." Defendant D. Mills responded to the informal complaint, refused to take corrective action against Defendant Dora Jurado and improperly denied Plaintiff Lovette's

37

informal complaint. <u>Subsequently, Plaintiff Lovette filed a formal complaint directly with Defendant Glenn Morris who per department policy and procedures was the only person authorized to either approve, deny, or return the complaint.</u> Plaintiff Lovette put Defendant Morris on notice of the illegal actions of Defendant(s) D. Mills and Dora Jurado. Plaintiff Lovette requested that Defendant(s) Mills and Jurado be reprimanded for violating departmental policy and for violating Plaintiff Lovette constitutional policy and for violating Plaintiff Lovette's constitutional rights. Defendant Kavell Scott impermissibly responded to the complaint and impermissibly returned the complaint without taking correction action against Defendant Jurado. Plaintiff Lovette then filed a complaint with Defendant Julia Jones. Plaintiff Lovette put Defendant Jones on notice of the illegal actions of her subordinates Mills, Scott and Jurado. Plaintiff alleged that these Defendants were engaged in improper actions against Plaintiff Lovette. "[Plaintiff Lovette requested that Defendant(s) Dora Jurado, D. Mills and K. Sxcott be reprimanded for violating departmental policy and for perpetrating retaliatory acts against Plaintiff Lovette.]" <u>In response, Defendant Julia Jones provided</u> "[<u>Your administrative appeal has been received, evaluated and referred to the warden for appropriate handling and action. The institution will be providing you with a response once their review is completed, based on this action, your appeal is approved for further inquiry.</u>]" Defendant Glenn Morris refused to take corrective

38

action against Defendant(s) Jurado, Mills and Kavell Scott. (See Exhibit "A" grievance log number 17-6-42111 attached hereto)/

(31) On June 16, 2017 Plaintiff Lovette reported to the food service department at the Everglades Correctional Facility. Plaintiff Lovette approached Defendant Dora Jurado and requested a "job change" form. "Prior to filing out the form Plaintiff Lovette advised Defendant Jurado that Plaintiff would write down that Defendant Jurado treated the Spanish speaking inmates' more favorably than the black inmates and that Defendant Jurado made racist statements towards Plaintiff Lovette on a regular basis." Defendant Dora Jurado responded by stating to Plaintiff Lovette "[yeah! N\*\*\*error it's true. I said those things, but you can write what you want to write. Mr. Heron and Mr. Morris won't believe what you write.]" Plaintiff Lovette completed the "job change" request from in the presence of Defendant Dora Jurado and promptly advised Defendant Jurado to read the form before signing. Defendant Jurado read the fom and stated directly to Plaintiff Lovette "I'm going to sign this paper. I'm going to tell Mr. Heron and Mr. Morris to deny the complaint. I can do what I want to you black motherf\*\*\*error." Defendant Jurado signed the job change request form and stated to Plaintiff "n\*\*\*er get out of my office."

(32) On June 18, 2017 Plaintiff Lovette filed a formal complaint with Defendant Glenn Morris in regards to the incident that occurred of June 16, 2017

between Plaintiff Lovette and Defendant Dora Jurado. Plaintiff Lovette described the chain of events as they occurred on June 16, 2017. Plaintiff Lovette requested that Defendant Dora Jurado be reprimanded for her actions. Defendant Glenn Morris refused to respond to the formal complaint filed on June 18, 2017.

(33)   On Monday July 17, 2017 Plaintiff Lovette was advised to report to Defendant Peter Heron's office. When Plaintiff Lovette arrived Defendant Glenn Morris was present. Defendant Peter Heron stated to Plaintiff Lovette "what the f**k is this about (referring to the formal complaint filed with Defendant Morris on June 18,2017). "We' don't give a f**k about your rights." "Defendant Glenn Morris nodded in agreement with the statement made by Defendant Peter Heron." Defendant Glenn Morris then stated to Plaintiff Lovette ["We" are tired of all those f***ing grievances you write "we" can have your black a** transferred for that."] Plaintiff Lovette then advised Defendant Morris that Defendant Jurado did in fact discriminate against Plaintiff and made racist remarks to Plaintiff. Defendant Peter Heron then stated to Plaintiff Lovette "[we] don't give darn what Ms. Jurado did to you. [We] don't care about your rights. Nobody is going to believe you anyway. If you want to file a f***in lawsuit you need to watch your back. [We] can have something done to you." Once again, Defendant Glenn Morris nodded in agreement with the statements made by Defendant Peter Heron. At this point

40

Plaintiff Lovette became fearful for his life. Plaintiff Lovette genuinely felt as though Defendant(s) Heron and Morris would actually harm Plaintiff.

(34) The very next day on July 18, 2017 Plaintiff Lovette filed an "emergency formal complaint" with Defendant Julia Jones. Plaintiff Lovette put Defendant Jones on notice that Defendant(s) Glenn Morris and Peter Heron were violating Plaintiff's Eighth Amendment rights by subjecting Plaintiff Lovette to "cruel and unusual punishment." Plaintiff Lovette requested that Defendant(s) Morris and Heron be reprimanded for violating Plaintiff's rights. Defendant Julia Jones refused to respond to the "emergency formal complaint."

(35) The formal complaint filed with Defendant Glenn Morris (See Exhibit "A" grievance log number 1070-40-1-049 attached to grievance log number 17-6-33598) Sufficiently established that Defendant Dora Jurado violated Plaintiff Lovette's 14th Amendment equal protection rights by subjecting Plaintiff Lovette to "racial discrimination, attached to the complaint was a document from the mental health department advising that Plaintiff Lovette was prescribed "psychotropic" medication that cause [dizziness, drowsiness, fatigue and abdominal distress.] Plaintiff Lovette also attached a document that Defendant Dora Jurado signed admitting to the racial discrimination, etc. "Plaintiff Lovette requested that Defendant Dora Jurado be immediately removed from the position as food service director for subjecting Plaintiff Lovette and other black inmates to

41

racial discrimination, that Defendant Jurado be reprimanded for violating Plaintiff's rights." Defendant(s) Peter Heron and Glenn Morris provided a "joint" response, refusing to take corrective action against Defendant Dora Jurado and "denying" Plaintiff Lovette's appeal stating "Your request for administrative remedy has been received, reviewed and evaluated. An investigation was conducted into this matter and "we" have come to the conclusion that there is not enough evidence to support your claims of racial discrimination or retaliation. Based on the above information, your grievance is denied."

(36)   Plaintiff Lovette subsequently filed an administration appeal with Defendant Julia Jones in regards to the improper denial of the institutional level appeal rendered by Defendant(s) Glenn Morris and Peter Heron. The secretary level complaint put Defendant Julia Jones on notice of the violation of Plaintiff Lovette's rights. [Plaintiff Lovette requested that Defendant Dora Jurado be reprimanded for violating Plaintiff's 14th Amendment equal protection rights and that Defendant(s) Peter Heron and Glenn Morris be reprimanded for participating in the conspiracy against Plaintiff Lovette.] Defendant Julia Jones approved Plaintiff Lovette's appeal for further inquiry stating "[Your administrative appeal has been received, evaluated and referred to the warden for appropriate handling and action, the institution will be providing you with a response once their review is completed.]" (See Exhibit "A" grievance log number 17-6-33598 attached hereto)

42

Note: (The response provided by Defendant Julia Jones shows that the response provided by Defendant(s) Peter Heron and Glenn Morris grievance number 1707-401-049 was "incorrect." The response provided by Defendant Jones establishes that Defendant Dora Jurado did in fact subject Plaintiff Lovette to racial discrimination and retaliation and establishes the fact that Defendant(s) Heron and Morris participated in a conspiracy against Plaintiff Lovette) ....In contrast to Defendant Julia Jones' approval of Plaintiff's appeal in grievance log number 17-6-33598 Defendant Julia Jones shows a desire to participate in the conspiracy to deprive Plaintiff Lovette of his constitutional rights, participated in the conspiracy to violated Plaintiff Lovette's equal protection and First Amendment rights by refusing to make corrective action against Defendant(s) Peter Heron and Dora Jurado for violating Plaintiff's rights and participating in a conspiracy against Plaintiff and by refusing to take corrective action to remedy the wrong(s) perpetrated by Defendant Dora Jurado when Defendant Glenn Morris refused to provide Plaintiff with an amended response. (See Exhibit "A" grievance log number 17-6-41888 and 17-6-42112 attached hereto).

(37)   On Monday July 24, 2017 Plaintiff Lovette reported to the food service department at the Everglades Correctional Facility and requested that Defendant Dora Jurado place Plaintiff Lovette back on the food service roster so that Plaintiff could report back to work in food service. Defendant Dora Jurado

43

stated to Plaintiff Lovette "you black people are no good, my Spanish people are better than you. You will never work in my kitchen again. You should not have wrote all those grievances against me [and talked about your rights]. I'm calling Ms. Scott and Ms. Mills and tell them to take you out of food service."

(38) Plaintiff Rodger Lovette exhausted his administrative remedies as to Plaintiff's retaliation and conspiracy claim(s) against Defendant(s) Julia Jones, Kavell Scott, D. Mills, and Dora Jurado. (Secretary of the Florida Department of Corrections and members of Everglades Correctional Institutional classification team, charged with the duty to approve institutional job changes) knew that Defendant Dora Jurado's reason(s) for requesting Plaintiff's job change from food service were unfounded and that Defendant Dora Jurado's action in requesting that Plaintiff be removed from food service was an act in retaliation due to Plaintiff's exercise of constitutional rights, but instead of denying Defendant Dora Jurado's request to have Plaintiff removed from food service and reprimanding Defendant Jurado for violating Plaintiff Lovette's First Amendment right(s), Defendant(s) Mills, Scott and Jones participated in the conspiracy to cover up the illegal actions of Defendant Dora Jurado and participated in the conspiracy to violate Plaintiff's First Amendment rights, by refusing to take action to remedy the wrong(s) perpetrated by Defendant's administrative appeals. (See Exhibit "A" grievance log number 1709-401-131; 17-6-41887 attached hereto). But in contrast, Plaintiff

44

Lovette filed an administrative appeal with Defendant Julia Jones in regards to the illegal actions of Defendant(s) Kavell Scott, D. Mills and Dora Jurado. (See Exhibit "A" grievance log number 17-6-42111 attached hereto, but compare with response provided by Defendant Julia Jones in grievance log number 17-6-41887) In grievance log number 17-6-42111 Plaintiff Lovette requested that Defendant(s) Dora Jurado, D. Mills and Kavell Scott be reprimanded for violating departmental policy and procedures and for perpetrating retaliatory acts against Plaintiff Lovette. Defendant Julia Jones approved log number 17-6-42111 for further inquiry "specifically" stating "your administrative appeal has been received, evaluated and referred to the warden for appropriate handling and action. The institution will be providing you with a response once their review is completed." Plaintiff Lovette asserts that Defendant Glenn Morris refused to provide Plaintiff with a timely [and] appropriate response.

(39)   Per Florida's gain time statute Plaintiff Lovette has a right to earn incentive gain (i.e., "for each month in which Plaintiff Lovette works diligently, participates in training, uses time constructively or otherwise engages in positive activities. The department may grant up to 10 days incentive gain time which shall be credited and applied monthly.") Thus, when Defendant(s) awarded Plaintiff Lovette the full ten (10) days incentive gain time for the month(s) of "July 2017" through "October 2017" Defendant(s) have a "legal" [and] "ministerial duty to

45

apply that gain time to Plaintiff Lovette's sentence to make Plaintiff's (tentative release date) earlier than Dec. 31, 2017. (i.e. "the department shall also establish for each prisoner sentenced to a term of years a "tentative release date" which shall be the date projected fpr the prisoner's release from custody [by virtue of gain time granted or forfeited] as described; the initial tentative release date shall be determined by deducting basic gain time granted from the maximum sentence expiration date. Other gain time [shall be applied] when granted or restored to make the tentative release date proportionately earlier." ("A person who is convicted of a crime committed on or after Jan. 1, 1994 may be released from incarceration only: upon expiration of the person's sentence as reduced by accumulated meritorious or incentive gain time.") Thus when Defendant(s) Glenn Morris, Kavell Scott and D. Mills refused to apply the earn incentive gain time to Plaintiff's sentence and when Defendant Julia Jones refused to take corrective action to remedy the wrong by ordering [Defendant(s)] to apply the earned incentive gain time to Plaintiff's sentence, Defendant(s) Julia Jones, Glenn Morris, Kavell Scott and D. Mills participated in a conspiracy to deprive Plaintiff of his rights under State law and participated in a conspiracy to violate Plaintiff Lovette's 14th Amendment due process rights.

(40)    Defendant(s) Julia Jones, Glenn Morris and Kavell Scott participated in a conspiracy to violate Plaintiff Lovette's equal protection right(s). On

46

September 28, 2017 Plaintiff Lovette filed an "informal" complaint to Defendant Kavell Scott in regards to an intentional act that violated Plaintiff Lovette's equal protection rights. Plaintiff Lovette clearly identified a factual situation where Plaintiff Lovette and [other] inmates' that were members of a protected class of persons were being intentionally discriminated against. Plaintiff Lovette requested that "officials be reprimanded for violating Plaintiff Lovette's equal protection rights. Defendant Kavell Scott responded to the informal complaint failed to address the discrimination complaint provided a "biased" response. Subsequently, refusing to take corrective action to remedy the obvious wrong. (See Exhibit "B" grievance log number 401-1709-216 attached hereto).

(41)   On October 10, 2017 Plaintiff Lovette filed a formal administrative appeal with Defendant Glenn Morris in regards to the improper denial of [the] informal complaint filed with Defendant Kavell Scott (grievance log number 401-1709-216) Plaintiff Lovette alleged in the formal complaitn to Defendant Morris that "Defendant Morris himself was aware of the illegal discriminatory act(s) perpetrated by prison officials. Plaintiff Lovette further alleged that Defendant Morris could be held liable for the equal protection violation because Defendant Morris knew that the practice was illegal and unconstitutional, but allowed the unconstitutional to continue." Plaintiff Lovette advised Defendant Morris that Plaintiff would file a civil lawsuit against Department of Corrections officials and

47

that Defendant Morris and Defendant Scott would be named as Defendant(s). Plaintiff Lovette requested that Defendant Scott be reprimanded for participating in a conspiracy to violate Plaintiff's rights and that [the] unconstitutional act be discontinued. Defendant Glenn Morris refused to respond to [the] formal complaint.

(42)   The very next day on Wednesday, October 11, 2017 Plaintiff Lovette was advised to report to the Security building at the Everglades Correctional Facility for the purpose of a meeting with Defendant Glenn Morris. When Plaintiff Lovette arrived at the security building, Defendant Glenn Morris stated directly to Plaintiff Lovette " "Listen you black mother f***er I'm tired of the f***ing grievances you keep writing. Stop writing the F***ing grievances or I'll make sure something bad happens to you." Plaintiff Lovette responded by stating to Defendant Glenn Morris "you know this is wrong. I will file an emergency complaint with Julia Jones about this threat." In return Defendant Glenn Morris stated to Plaintiff "Write what the f**k you want to write. I don't give a f**k. Remember I can have something done to you or have you transferred to the Pan Handle."

(43)   On October 12, 2017 Plaintiff Lovette filed an emergency formal complaint with Defendant Julia Jones in regards to the "threats" from Defendant(s) Peter Heron and Glenn Morris. The complaint alleged that Defendant(s) Heron and Morris were subjecting Plaintiff Lovette to "curel and unusual punishment." (The

48

threats of physical harm to Plaintiff Lovette.) Plaintiff Lovette advised that Plaintiff would file a civil lawsuit against prison officials. Plaintiff Lovette requested that Defendant(s) Heron, and Morris be reprimanded for violating Plaintiff Lovette's rights. Defendant Julia Jones refused to respond to the complaint.

(44) On October 31, 2017 Plaintiff Lovette filed an administrative appeal with Defendant Julia Jones in regards to the improper denial of Plaintiff Lovette's institutional level informal complaint. (See Exhibit "B" grievance log number 401-1709-216 attached hereto) Plaintiff further alleged that Plaintiff filed a formal complaint with Defendant Glenn Morris in regards to the violation of Plaintiff Lovette's equal protection rights. The secretary level complaint to Defendant Julia Jones alleged that [the] particular act complained of was unconstitutional. Plaintiff Lovette alleged that Defendant Julia Jones was aware of [the] constitutional violation, but did not act to force prison officials to discontinue participating in the unconstitutional act. Plaintiff Lovette advised Defendant Julia Jones that Plaintiff Lovette would file a civil lawsuit in Federal Court for the violation of Plaintiff Lovette's equal protection rights and that Defendant(s) Julia Jones, Glenn Morris and Kavell Scott, along with Defendant D. Mills will be named as Defendant(s) in the lawsuit, Plaintiff Lovette requested that supervisory Defendant Julia Jones reprimand her subordinates for violating Plaintiff's rights and that prison officials

49

discontinue engaging in the illegal practice. Defendant Julia Jones refused to respond to the secretary level complaint.

(45) Plaintiff Rodger Lovette asserts that Defendant(s) Julia Jones, Glenn Morris, Peter Heron, Kavell Scott and D. Mills participated in a conspiracy to "oppress" [and] "suppress Plaintiff Lovett's First Amendment right of "Freedom of Speech and Expression." Plaintiff Lovett asserts that the act violates Plaintiff Lovett's First Amendment right(s) and that [a] particular prison rule was unconstitutional, unreasonable under constitutional standards and enforcing the rule violated Plaintiff Lovett's [and] all inmates' due process rights. On several occasions Plaintiff Lovett filed complaints with the above named Defendant(s). On several occasions Plaintiff Lovett used three (3) narrative pages "Defendant(s) would return the complaints without processing the complaint stating that Plaintiff Lovette had violated a rule by using more than two (2) narratives pages.

On May 17, 2017 Plaintiff Lovett filed four (4) separate informal complaint(s) with Defendant(s) Glenn Morris, Peter Heron, Kavall Scott and D. Mills. Plaintiff alleged that a particular rule that prison officials "implemented" [and] "enforces." (i.e. limiting an inmate to the use of only two (2) narrative pages when filing grievances) was unconstitutional because the rule "abridges" the First Amendment right of free speech and expression which violated the First Amendment and that the rule "was not reasonably related to a legitimate

50

penological interest." Plaintiff Lovett state Defendant(s) violated inmates' rights by enforcing the rule. Plaintiff requested that Defendant(s) discontinue enforcing the rule, neither of the above named Defendant(s) responded to the "informal" complaints.

On June 18, 2017 Plaintiff Lovett filed a "formal" complaint with Defendant Glenn Morris in regards to aforementioned rule. Plaintiff Lovett put Defendant Morris on notice that the rule in question (limiting an inmate to use only two (2) narrative pages when filing grievances) violated Plaintiff's and other inmates First Amendment right because the rule "abridges" an inmate's freedom of speech and expression." Plaintiff Lovett put Defendant Glenn Morris that the aforementioned rule was invalid because "the rule was not reasonably related to a legitimate penological interest." Plaintiff Lovett advised Defendant Morris that he too is liable for the violation of inmates' rights because Defendant Glenn Morris was aware that the rule was unconstitutional, but allowed the rule to continue and advised his subordinates to enforce the rule. Plaintiff Lovett further advised Defendant Morris that Plaintiff would file a lawsuit for the violation of Plaintiff's rights and that Defendant Morris and Defendant Kavell Scott would be named as Defendant(s). Plaintiff Lovett requested that the rule be voided, and that staff be advised to discontinue enforcing the rule. Defendant Glenn Morris refused to respond to the formal complaint.

51

On August 21, 2017 Plaintiff Lovett field a formal complaint with Defendant Julia Jones. Plaintiff advised Defendant Julia Jones that her subordinates, Defendant(s) Glenn Morris and Kavell Scott were participating in a conspiracy to violate Plaintiff Lovett's First Amendment rights by enforcing the above mentioned unconstitutional rule. Plaintiff Lovett advised that Plaintiff would file a lawsuit against Defendant(s) Glenn Morris and Kavell Scott for enforcing [the] rule and that Defendant Julia Jones would also be named as a Defendant because Defendant Julia Jones knew that the above mentioned rule was unconstitutional, but allowed her subordinates to enforce the rule. Defendant Julia Jones refused to respond to the complaint.

(46)   Plaintiff Rodger Lovette asserts that Defendant(s) Julia Jones, Glenn Morris and Kavell Scott knowingly participated in a conspiracy to violate Plaintiff Lovette's First Amendment right(s) by obstructing Plaintiff's access to the Courts.

On June 18, 2017 Plaintiff Lovett submitted a "written request" to the business department at the Everglades Correctional Facility. Plaintiff requested a photocopy of his inmate trust account for the previous sic (6) months of incarceration. Plaintiff Lovett attached an official "affidavit of indigency" to the request, verifying that Plaintiff needed a photocopy of the above mentioned document. Plaintiff noted that the request was being made under "exceptional circumstances," that a photocopy of the aforementioned document was required to

52

initiate a civil lawsuit against officials at the Everglades Correctional Facility. Prison officials refused to respond to the "written request."

On July 17, 2017 Plaintiff Lovett submitted an "informal complaint" with Defendant Kavell Scott. Plaintiff Lovett reiterated his previous request for the photocopy of Plaintiff's inmate trust account. Plaintiff advised Defendant Kavell Scott that the "request for photocopy of Plaintiff's inmate account" was being made under "exceptional circumstances" and that the document was required to initiate a civil lawsuit in Federal Court. Plaintiff Lovett advised Defendant Kavell Scott that she was named as a Defendant in the suit and that officials were violating Plaintiff's rights by refusing to provide Plaintiff with the document. Plaintiff Lovett requested that prison officials be reprimanded for obstructing Plaintiff's access to Courts and that Plaintiff Lovett be provided with the aforementioned document. Defendant Kavell Scott refused to respond to the informal complaint and refused to provide Plaintiff Lovett with a photocopy of Plaintiff's inmate account.

On August 13, 2017 Plaintiff Lovett filed a "formal" complaint with Defendant Glenn Morris. Plaintiff Lovett asserted that Plaintiff's access to Courts was being intentionally obstructed. Plaintiff Lovett asserted that he has a right of access to the Courts. That certain prison officials, to include Defendant Kavell Scott violated this First Amendment right by refusing to provide Plaintiff Lovett

53

with a photocopy of Plaintiff's inmate account for the previous six (6) months of incarceration. Plaintiff Lovett reiterated his previous claim(s) and request(s). Plaintiff asserted that officials act in refusing to provide Plaintiff with the requested document was an act of retaliation against Plaintiff. Plaintiff requested that Defendant Kavell Scott be reprimanded for violating Plaintiff's rights and that Plaintiff be immediately provided with a photocopy of [the] aforementioned document. Defendant Glenn Morris refused to take action to remedy the wrong and refused to provide Plaintiff Lovett with a copy of [the] requested document.

On September 20, 2017 Plaintiff Lovett submitted a secretary level complaint in regards to the violation of Plaintiff Lovett's access to Courts rights. Plaintiff Lovett advised Defendant Julia Jones that Defendant(s) Glenn Morris and Kavell Scott were participating in a conspiracy to violate Plaintiff's rights as described above. Plaintiff Lovett reiterated any and all claim(s) regarding the violation of Plaintiff's rights and requested that Defendant(s) Morris and Scott be reprimanded for their illegal actions and that Plaintiff Lovett be provided with a photocopy of the aforementioned document. Defendant Julia Jones refused to respond to the secretary level complaint, nor did Defendant Julia Jones provide Plaintiff Lovett with a photocopy of Plaintiff's inmate trust account.

Plaintiff Lovett has alleged fact(s) sufficient to show that Defendant(s) Julia Jones, Glenn Morris, Peter Heron, Kavell Scott, D. Mills and Dora Jurado

54

employed by the State of Florida, Department of Corrections acted "under Color of State Law" committed the illegal act(s) described herein that violated Plaintiff Lovett's rights under State and Federal Laws. Plaintiff Lovett alleges that the illegal conduct exhibited by Defendant(s) Jones, Morris, Heron, Scott, D. Mills and Jurado deprived Plaintiff of his constitutional right asserted herein. Plaintiff Lovett has shown: (1) an obvious agreement between Defendant(s) Julia Jones, Glenn Morris, Peter Heron, Kavell Scott, D. Mills and Dora Jurado to deprive Plaintiff Lovett of "Plaintiff's right to be free from racial discrimination [and] cruel and unusual punishment.".... "To deprive Plaintiff Lovette of Plaintiff's right to be free from harassment and retaliation due to exercise of protected rights." "To deprive Plaintiff Lovette of Plaintiff's right to be treated equally with all other similarly situated inmates." "To deprive Plaintiff Lovette of Plaintiff's right to have earned incentive gain time applied to Planitiff's sentence when Defendant(s) awarded Plaintiff incentive gain time." "To deprive Plaintiff Lovetete of Plaintiff's right to be released from incarceration once Plaintiff's sentence was due to expire on November 18, 2017." (2) The overt act(s) in furtherance of the conspiracy are expressly "detailed" and "chronolized" in the [statement of claim(s)] and (3) the fact(s) asserted herein by Plaintiff Lovett undoubtedly show a constitutional deprivation. Plaintiff Lovett asserts that the conspiracy between the above named Defendant(s) were "intentional" [and] "secretative." The conspiracy can be shown

55

from the evidence Plaintiff Lovett presented herein and from evidence of Defendant(s) actions.

Defendant(s) Peter Heron and Glenn Morris knew that substantial evidence exited to show that Defendant Dora Jurado discriminated against Plaintiff Lovett and tetaliated against Plaintiff Lovett, but instead of reprimanding Defendant Jurado, supervisory Defendant(s) Peter Heron and Glenn Morris participated in the conspiracy to violate Plaintiff's rights and to "cover up" the illegal actions of Defendant Jurado by stating "[We] have come to the conclusion that there is not enough evidence to support your claims of racial discrimination or retaliation." Plaintiff Lovett's claims of racial discrimination and retaliation were confirmed by Defendant Julia Jones when Defendant Jones "approved" Plaintiff Lovett's secretary level complaint stating "Your administrative appeal has been received, evaluated and referred to the warden (Defendant Glenn Morris) for [appropriate] "handling" [and] "action." The institution will be providing you with a response once their review is completed." Defendant Glenn Morris refused to provide Plaintiff Lovett with [the] timely response, showing an obvious desire to participate in [the] conspiracy. At this point, Defendant Jones should have took action to remedy the wrong, but chose instead to participate in the conspiracy by refusing to remedy the wrong. (Reference Exhibit "A" grievance log number 17-6-33598. Then compare with responses provided by Defendant Julia Jones in Exhibit

"A" grievance log number 17-6-41888 and 17-6-42112 attached hereto) ....Plaintiff Lovett asserts that Defendant Julia Jones knew that Defendant Glenn Morris would act improperly by refusing to provide Plaintiff Lovett with an amended response. An amended response by Defendant Morris substantiating Plaintiff's claims would show that Defendant(s) Heron and Morris acted improperly in denying Plaintiff's institutional level complaint. Thus Plaintiff Lovett asserts that Defendant Julia Jones can and/or is liable for the action(s) of Defendant(s) Glenn Morris, Peter Heron, and Dora Jurado under the theory of "supervisor liability" and that the above named Defendant(s) participated in a conspiracy against Plaintiff Lovett.

Plaintiff Rodger Lovette established that Defendant(s) violated Plaintiff's equal protection right(s). (Reference Exhibit "B" grievance log number 401-1709-216) Plaintiff Lovett clearly identified a factual situation where Everglades officials violated Plaintiff Lovett's equal protection rights, but instead of taking action to remedy the wrong Defendant(s) Kavell Scott, Glenn Morris and Julia Jones participated in a conspiracy to deprive Plaintiff Lovett of Plaintiff's rights under the 14th Amendment.

Plaintiff Lovett asserts that due to the constant threats of bodily harm from Defendant(s) Glenn Morris and Peter Heron. Plaintiff Lovett has suffered irreparable mental, emotional and psychological pain and anguish. Plaintiff has re-occurring nightmares of being harmed by correctional officers, due to these

nightmares Plaintiff is unable to function adequately due to be constantly "fatigued" caused by the lack of sleep. Plaintiff Lovett has lost over twenty (20) pounds within a three (3) month period. During this time period from "August 2017" to "November 2017" Plaintiff Lovett has had to declare a "psychological emergency" six (6) times due to experience mental health issues associated with the constant threats from Defendant(s). Due to being subjected to the "racial discrimination" from Defendant Dora Jurado, Plaintiff Lovett has experienced an increased level of "depression" due to this increased level of depression. The mental health department had to increase the dosage of Plaintiff's pychotropic medication. Plaintiff is unable to lead a normal life in prison.

Plaintiff Lovett exercised his First Amendment right of free speech when he filed complaint(s) against Defendant(s) named herein, especially Defendant Dora Jurado, Defendant(s) Kavell Scott and D. Mills knew that Defendant Jurado's reason(s) for requesting that Plaintiff be removed from food service were insufficient. Plaintiff Lovett provided sufficient evidence that shows that "Defendant Dora Jurado's request to have Plaintiff Lovett removed from food service was substantially motivated by Plaintiff's use of the prison grievance procedure, but instead of remedying the wrong, Defendant(s) granted Defendant Jurado's request and removed Plaintiff Lovett from food service. Defendant Julia Jones was put on notice of the First Amendment violation perpetrated by

58

Defendant Jurado and the fact that Defendant(s) Kavell Scott and D. Mills participated in a conspiracy against Plaintiff. Defendant Jones refused to take corrective action against Defendant(s) Scott and Mills, thus Plaintiff Lovett asserts that Defendant Julia Jones is liable for the actions of Defendant(s) Jurado, Scott, and D. Mills under the theory of "supervisory liability." Plaintiff Lovett asserts that: (1) Plaintiff was engaged in protected activity. (2) That Plaintiff Lovett was subjected to adverse action "the threats from Defendant(s) Glenn Morris and Peter Heron" [and] (3) there was a causal connection between Plaintiff Lovett's protected conduct and the adverse action. Plaintiff Lovett further asserts that Defendant(s) named herein acted with a retaliatory intent.

Plaintiff Lovett asserts that Plaintiff's right(s) under Amendment(s) 1, 5, 8 and 14 of the United States Constitution and Article I, Section 9 Fla. Constitution, along with [other] right(s) under Florida Law are clearly established. Defendant(s) Glenn Morris, Peter Heron, Kavell Scott, D. Mills, Dora Jurado and Julia Jones knew or should have reasonably known that their actions violated Plaintiff's right(s), thus Defendant(s) are not entitled to either qualified immunity or Eleventh Amendment immunity.

Plaintiff Rodger Lovette asserts that Plaintiff is entitled to punitive and compensatory damages in the amount of $3,500.00 dollars against each Defendant being sued in their "individual" capacity for the violation of Plaintiff Lovett's

59

right(s). Plaintiff Lovett asserts that he is entitled to injunctive and prospective relief to stop Defendant(s) from discriminating against inmates' under the 85% percent rule.

## III.
## RELIEF REQUESTED

Plaintiff Lovette requests that this Honorable Court grant Plaintiff injunctive and prospective relief as requested above. Plaintiff Lovette also requests that this Honorable Court orders Defendant(s) Julia Jones, Glenn Morris, Peter Heron, Kavell Scott, D. Mills and Dora Jurado to pay Plaintiff Lovette punitive and compensatory damages in the amount stated above and/or award Plaintiff Lovette punitive and compensatory damages in the amount described above.

## IV.
## JURY DEMAND

Are you demanding a jury trial __X__yes _____ no

Signed this 29th day of _December_ 20 17.

_____ #B180295
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is true and correct to the best of Plaintiff's knowledge. Executed on December 29, 2017.

_____ #B180295
Signature of Plaintiff

60

I, _RODGER LOVETTE_ Plaintiff, pro se, do hereby certify that he placed

the foregoing document *42 U.S.C. 1983 Civil Complaint in the hands

of prison officials for mailing to: CLERK of Court United States

District Court - Southern District of Florida

400 North Miami Avenue 8N09

Miami, Florida ~~33128~~ 33128-7716

via U.S. Mail on this 29th day of December , 2017.

/s/ Rodger Lovette #B180295

Name: Rodger Lovette #B180295

Address: 6640 N.W. 10th Avenue

Miami, Florida 33150

61

From: Rodger Jouette #B180295   #HH-2114
Everglades Correctional Institution
1599 S.W. 187th Avenue
Miami, Florida 33194

LEGAL MAIL

*( Original Documents )*

To: Clerk of C
Southern Dis
400
Miami

DEC 28 2017

